UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RISEE LAMA,** | 1:15-cv-867-LJO-MJS |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS (Doc. 23)** |
| v. | |
| **U.S. DEPARTMENT OF EDUCATION, et al.,** | |
| **Defendants.** | |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside or within the Eastern District of California.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

The facts of this case are few and straightforward. Plaintiff Risee Lama ("Plaintiff") brings this tax refund suit against various federal agencies and officials ("Defendants"[2]). She alleges—and Defendants do not dispute—that her identity was fraudulently used to obtain student loans from the Department of Education ("DOE") and the Internal Revenue Service ("IRS") intercepted her state and federal tax refunds on behalf of DOE. Doc. 10, First Amended Complaint ("FAC"), at ¶¶ 11-16. In 2013, the individuals who fraudulently obtained and used Plaintiff's identity were convicted by a jury on multiple counts of fraud and theft. *See generally* No. 12-cr-31-AWI-BAM, *United States v. Woolridge et al.*, Doc. 143 ("the *Woolridge* case"); *see also* Doc. 10-2 at 7[3] (correspondence from U.S. Department of Justice providing Plaintiff with information about prosecution process).

In March 2014, Plaintiff's counsel sent a letter to the IRS "to facilitate the return of Plaintiff's tax refunds." FAC at ¶ 17. In April, Plaintiff's counsel sent a "follow up letter" to the IRS. *Id.* at ¶ 18. In May, because the IRS had not responded, Plaintiff's counsel sent "further correspondence" to the IRS. *Id.* at ¶ 19. In June, "Plaintiff issued yet another letter seeking a reply." *Id.* at ¶ 20. And again, in July, Plaintiff sent another letter to the IRS "in hopes of eliciting some response." *Id.* at ¶ 21.

At some time between July and September, Plaintiff "received a response from the IRS, only to be directed to make all future demands to [DOE]." *Id.* at ¶ 22. On September 25, Plaintiff sent DOE a

---

[1] The following undisputed facts are drawn from the First Amended Complaint ("FAC"), whose allegations are assumed as true, *see Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008), as well as the documents referenced in or attached to the FAC. *See Knieval v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Because Defendants challenge the Court's jurisdiction, the Court may also look to documents outside the pleadings to determine the Court's jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[2] Defendants are the United States Department of Education ("DOE"); Arne Duncan, Secretary of DOE; the United States Internal Revenue Service ("IRS"); and Jacob Lew, Secretary of the United States Treasury.

[3] The Court notes that counsel for Plaintiff filed numerous documents containing Plaintiff's sensitive personal information. *See* Docs. 10-2 to 10-11. The Court finds good cause exists to seal those documents and has done so *sua sponte*. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

letter. *Id.* In October, Plaintiff sent a "follow up letter . . . to [DOE] requesting a reply." *Id.* at ¶ 23. In January 2015, Plaintiff sent another letter to DOE, asking for a response. *Id.* at ¶ 23.

DOE responded to Plaintiff in February and requested various documents. *Id.* at ¶ 25. Plaintiff sent DOE a reply, along with all of the requested documents. *Id.* Later that month, Plaintiff's counsel sent DOE "one final letter," in which he asserted DOE was ignoring the "implications" of the *Woolridge* case and "was failing to cooperate in good faith and was maintaining a position (that Plaintiff owed money on student loans) that it knew lacked merit." *Id.* at ¶ 26. Plaintiff therefore asserts Defendants "continue to hold Plaintiff's money and use it for their own purposes, despite Plaintiff never agreeing to become indebted." *Id.* at ¶ 27.

On that basis, Plaintiff brings six causes of action against Defendants for:

1. fraud;
2. civil conspiracy to commit fraud;
3. conversion;
4. tortious interference with a contract;
5. Fifth Amendment violation; and
6. punitive damages

Doc. 10, First Amended Complaint ("FAC"), at 1. Defendants move to dismiss all but Plaintiff's fifth cause of action for lack of jurisdiction. Doc. 23-1 at 2. Defendants argue the Court does not have jurisdiction over the claims because Plaintiff has failed to exhaust her administrative remedies and the United States has not waived its sovereign immunity from the claims. *Id.* Defendants also argue Plaintiff's first, second, and fourth causes of action fail to state a claim. *Id.* at 4.

The Court took the matter under submission on the papers. *See* Doc. 27.

### III. STANDARD OF DECISION

Federal courts are "courts of limited jurisdiction," *Gunn v. Minton*, ___ U.S. ___, 133 S.Ct. 1059, 1064 (2013), and possess only the power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986). "To invoke a federal court's subject matter jurisdiction, a plaintiff

3

needs to provide only a 'short and plain statement of the grounds for the court's jurisdiction,'" as required by Rule 8(a)(1), and "must allege facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

A party may raise a challenge to the court's exercise of jurisdiction over the subject matter of an action under Federal Rule of Civil Procedure 12(b)(1). Faced with a Rule 12(b)(1) motion, a party seeking to establish federal jurisdiction bears the burden of proving the existence of such jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Leite*, 749 F.3d at 1121. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a "facial" attack, the challenger accepts as true the plaintiff's allegations but "asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a "factual" attack, the challenger "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite*, 749 F.3d at 1121. "In such circumstances, a court may examine extrinsic evidence without converting the motion to one for summary judgment, and there is no presumption of the truthfulness of the Plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039.

## IV. ANALYSIS

### A. The FTCA

"The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States." *Fed. Deposit Ins. Corp. v. Craft*, 157 F.3d 697,706 (9th Cir. 1998). The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir.1992). "Section 1346(b) [of the FTCA] grants the federal district courts jurisdiction over a certain category of

1 claims for which the United States has waived its sovereign immunity and 'render[ed]' itself liable."
2 *Fed. Deposit Ins. Corp.v. Meyer*, 510 U.S. 471, 477 (1994) (citations omitted). Plaintiff bears the burden
3 of establishing FTCA jurisdiction. *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992).
4     Relevant here, "[t]he FTCA bars claimants from bringing suits in federal court until they have
5 exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). This
6 exhaustion requirement is jurisdictional and, as such, is strictly construed. *See Kwai Fun Wong v. Beebe*,
7 732 F.3d 1030, 1047 (9th Cir. 2013); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). To
8 exhaust administrative remedies, a FTCA plaintiff must present the claim to the "appropriate Federal
9 agency" and that agency must "finally den[y]" the claim. 28 U.S.C. § 2675(a).

10 **B.    Analysis**

11     Before the Court can consider the merits of Plaintiff's tort claims, the Court must determine
12 whether it has jurisdiction over them. Defendants contend, and Plaintiff disputes, that Plaintiff has failed
13 to exhaust her administrative remedies, which renders the Court without subject matter jurisdiction over
14 Plaintiff's claims tort.
15     Plaintiff does not dispute that her first, second, third, and sixth causes of action are subject to the
16 FTCA. But, in her opposition, Plaintiff argues her fourth cause of action for "tortious interference with a
17 contract" is premised not on the FTCA, but on Defendants' alleged breach of a contract between the
18 United States and Plaintiff. Plaintiff alleges that she, as a tax-paying citizen, has a contract with the
19 United States "whereby [she] agrees to pay taxes as part of being a citizen, and the United States agrees
20 to return any overage to the Plaintiff that she may pay." FAC at ¶ 44. Plaintiff alleges that the IRS
21 breached this contract. *Id.* at ¶ 49.
22     Plaintiff "concede[s] that the cause of action could be more clearly pled." Doc. 25 at 4. Given the
23 FAC's allegations and Plaintiff's labeling the claim as "*tortious* interference with a contract," the Court
24 finds the claim, as currently pled, is properly viewed as a tort claim subject to the FTCA, not a contract-
25 based claim. Accordingly, Plaintiff's first, second, third, and fourth, and sixth causes of action are

5

subject to the FTCA's jurisdictional requirements.

The thrust of Plaintiff's position on whether she exhausted her administrative remedies is that her correspondence with the IRS and DOE to resolve her tax refund issue constitutes an exhaustion of her administrative remedies because those agencies denied her attempts to resolve the issue, and "[t]here was nothing further [she] could do administratively to attempt to resolve the issue." Doc. 25 at 4. Plaintiff provides no authority to support her position, and, more importantly, she does not attempt to counter Defendants' argument that the FAC contains no allegations that would support a finding that she exhausted her administrative remedies. The Court agrees with Defendants that the FAC "fails to allege compliance with the FTCA's administrative exhaustion requirement." Doc. 23-1 at 4. The FAC makes no mention of any administrative claim brought before the IRS or DOE, nor does the FAC allege that either agency denied any such request. Simply put, there are no allegations that could support a finding that Plaintiff exhausted her administrative remedies. The Court therefore lacks jurisdiction over Plaintiff's first, second, third, fourth, and sixth causes of action. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint."). Accordingly, the Court DISMISSES those claims.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (Doc. 23) and DISMISSES Plaintiff's first, second, third, fourth, and sixth causes of action for lack of jurisdiction. Plaintiff will have **one** further opportunity to file an amended pleading, which shall be filed only after Plaintiff exhausts her administrative remedies. The Court hopes that, before filing any further amended complaint, Plaintiff will consider and research the numerous additional deficiencies in the FAC that Defendants have pointed out, as well as the law Defendants provided in their papers. The Court has neither the resources nor the duty to re-write pleadings for counsel.

The Court further hopes that Defendants will put as much effort and energy into resolving this

rather straightforward claim as it has opposing this litigation. Such an effort might resolve everyone's dilemma.

IT IS SO ORDERED.

    Dated: __**January 20, 2016**__             __/s/ Lawrence J. O'Neill__
                                                                              UNITED STATES DISTRICT JUDGE